**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

QUEEN E. EVANS,

    Plaintiff,

vs.                                                                      CASE NO. 3:11-cv-323-J-34TEM

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.

_____

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's failure to respond to the Court's Order to Show Cause (Doc. #6) that was issued on July 1, 2011. Plaintiff was directed to show cause why the undersigned should not recommend dismissal of this action for Plaintiff's failure to follow an order of the Court and failure to prosecute her case (Doc. #6, *generally*).

As background, Plaintiff filed this action as a *pro se* litigant on April 4, 2011 (*see* Doc. #1, Complaint). In conjunction with filing the Complaint, Plaintiff also filed a partially completed Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. #2, Application), which the Court construed as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Upon review of the Application, the Court noted a number of deficiencies, which it then afforded Plaintiff an opportunity to correct by the close of business on May 31, 2011 (*see* Doc. #5, Court Order dated May 11,

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

2011). Plaintiff failed to correct these deficiencies. Therefore, the Court subsequently entered the Order to Show Cause, directing the Plaintiff to respond by July 15, 2011 as to why the undersigned should not recommend to the District Judge that the case be dismissed for Plaintiff's failure to comply with an order of the Court and for failure to prosecute this case. The Court also issued an order, directed to Plaintiff, that contains some basic information concerning the obligations and responsibilities of a *pro se* litigant (*see* Doc. #7, Court Order). To date, Plaintiff has also failed to respond to the Order to Show Cause. Accordingly, the matter is now ripe for the Court's review.

In view of the partially completed Application (Doc. #2), Plaintiff was clearly directed to file a fully completed Affidavit of Indigency, DC 101 (Rev. 1/97) or a fully completed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), AO 239 (01/09) in this action (*see* Doc. #5). Plaintiff was advised of the Court's need to obtain sufficient information on which to base a decision for her request to proceed without prepayment of fees in this case. *Id.* Plaintiff was directed to provide information for each category listed on the chosen form, which would contain complete details as to Plaintiff's financial resources and financial obligations. *Id.*

The Court may allow a plaintiff to proceed without the prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The information Plaintiff provided in Plaintiff's Application (Doc. #2) is insufficient for the Court to determine whether Plaintiff meets the financial criteria which would entitle a plaintiff to be eligible to proceed *in forma pauperis*. Plaintiff failed to fully complete an Affidavit of Indigency, DC 101 (Rev. 1/97) or a fully complete the Application to Proceed in District

Court Without Prepaying Fees or Costs as directed by the Court's order (Doc. #5). It is unclear from the Application the Plaintiff originally filed as to whether Plaintiff has a spouse and, if so, what income that spouse my receive (*see* Doc. #2 at 1;  Doc. #5 at 1). It is also unclear the amount of money, if any, Plaintiff receives from "disability insurance." *See id.* Further, Plaintiff left blank several sections pertaining to assets and financial obligations in her original Application. *See id.*

Plaintiff was cautioned in the May 11, 2011 order that failure to complete one of the noted forms as directed may result in a recommendation to the District Judge that the case be dismissed (Doc. #5 at 2). In the Order to Show Cause (Doc #6), Plaintiff was directed to show cause why the undersigned *should not* recommend that the case be dismissed for Plaintiff's failure to comply with an order of this court and for failure to prosecute this case. Plaintiff has been afforded ample opportunity to comply with orders of this Court. Plaintiff has failed to show cause.

Accordingly the Court finds the Plaintiff's failure to respond to multiple orders of the Court, as well as failure to provide sufficient information concerning her indigency, warrants denial of the request to proceed *in forma pauperis* and dismissal of this case without prejudice. *See Jones v. Graham*, 709 F.2d 1457, 1463 (11th Cir. 1983) (upholding the dismissal of a case with prejudice by a District Judge due to the plaintiff's failure to comply with numerous court orders); *Norman v. Montgomery Bd. of Educ.,* 177 Fed. Appx. 939, 941 (11th Cir. 2006) (finding the District Court did not abuse its discretion by dismissing an action for plaintiff's failure to prosecute and comply with the court's orders);[2] and

---

[2] Unpublished opinions may be cited throughout this report and recommendation as
(continued...)

*Rudolph v. Giles*, No. 08-0004-CG-C, 2008 WL 749843, *1 (S.D. Ala. Mar, 18, 2008) (dismissing a case without prejudice filed by a *pro se* plaintiff due to failure to prosecute and failure to comply with multiple court orders).

As the Court has previously denied without prejudice Plaintiff's construed motion to proceed *in forma pauperis*, the undersigned now respectfully **recommends this action be DISMISSED without prejudice** to Plaintiff refiling a paid complaint.

**DONE AND ENTERED** at Jacksonville, Florida this 24TH day of August, 2011.

*[signature: Thomas E. Morris]*

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
The Hon. Marcia Morales Howard
*Pro Se* Plaintiff

---

²(...continued)
persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.